UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ROBIN NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:08-cv-00087-SEB-WGH |
| vs. | ) | |
| | ) | |
| PENN NATIONAL GAMING, INC., d/b/a | ) | |
| ARGOSY CASINO & HOTEL, and | ) | |
| INDIANA GAMING COMPANY, L.P. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

This cause is before the Court on Defendant, Penn National Gaming, Inc.'s ("Penn National"), Motion to Dismiss Plaintiff's Second Amended Complaint as to Penn National Gaming, Inc. [Docket No. 49], filed on August 26, 2008.[1] In its motion, Penn National argues that Plaintiff failed to exhaust her administrative remedies as to Penn National. For the reasons detailed in this entry, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint as to Penn National Gaming, Inc. is GRANTED.

---

[1] Defendant also filed a Motion to Dismiss Defendant Penn National Gaming, Inc. and to Dismiss Count III of Plaintiff's First Amended Complaint [Docket No. 31], on July 7, 2008. That motion related only to Plaintiff's First Amended Complaint, which has since been superseded by Plaintiff's Second Amended Complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 129 S.Ct. 1109, 1123 n.4 (2009) (noting that an amended complaint normally supersedes the original complaint). Therefore, we only consider Defendant's second Motion to Dismiss, which renews and restates the same arguments made in the first motion. Defendant's first motion to dismiss [Docket No. 31] is hereby DENIED as moot.

### *Factual Background*

Plaintiff, Robin Neal, an African-American female, is a citizen of Indiana. Defendant Penn National is a corporation formed under the laws of Pennsylvania. Defendant Indiana Gaming Company, L.P. is a wholly owned subsidiary of Penn National. Defendants conduct business as Argosy Casino & Hotel ("Argosy") in Lawrenceburg, Indiana.

Ms. Neal began working at Argosy on November 18, 1996.[2] Ms. Neal alleges that, during the course of her employment at Argosy, she was often treated differently than non-minority employees.[3] Additionally, she alleges that, in the months prior to her termination, she complained to Argosy's human resources department about negative treatment she was receiving from certain managers at the casino. She "wrote a formal complaint, but Defendants refused to accept it." Compl. at ¶ 19. She also alleges that another dealer, a white male, harassed her for an extended period of time. On December 11, 2006, Ms. Neal "exchanged words" with this other dealer, after which she was suspended and escorted from the premises. Compl. at ¶ 21. Her employment was terminated on December 26, 2006. According to Ms. Neal, the other dealer was not disciplined in any manner.

On January 22, 2007, Ms. Neal filed a pro se complaint with the Indiana Civil

---

[2]Argosy was acquired by Penn National in October 2005.

[3]Specifically, she claims that she was frequently disciplined for her conduct toward casino customers, while "Caucasian and male" employees were never disciplined for similar actions.

Rights Commission, which investigated her charge and referred the matter to the Equal Employment Opportunity Commission ("EEOC") for further review.  The EEOC provided Ms. Neal with a Right to Sue Notice on March 14, 2008.  Her Second Amended Complaint alleges race discrimination, gender discrimination, and retaliation, all under Title VII of the Civil Rights Act of 1964.

## *Legal Analysis*

### I.  *Standard of Review*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss this action for failure to state a claim upon which relief may be granted.  A party moving to dismiss bears a weighty burden.  Dismissal under Rule 12(b)(6) is proper only if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombley, 550 U.S. 554, 127 S.Ct. 1955, at 1974 (2007).

A plaintiff is presented with "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests'"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Equal Employment Opportunity Commission v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Twombley, 127 S.Ct. At 1955, 1965).  In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the nonmovant.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir.

2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

## II.  Penn National's Motion to Dismiss

Penn National argues that Ms. Neal's claims against it are barred because she did not mention Penn National anywhere in her Charge of Discrimination.  "Ordinarily a party not named as the respondent in an EEOC charge may not be sued under Title VII." Tamayo v. Blagojevich, 526 F.3d 1074 (7th Cir. 2008).  The "purpose of requiring the complaint to match the EEOC charge is to 'give[] the employer some warning of the conduct about which the employee is aggrieved and afford[] the EEOC and the employer an opportunity to attempt conciliation without resort to the courts.'" Id. at 1089 (quoting Ezell v. Potter, 400 F.3d 1041, 1046 (7th Cir. 2005)).  Therefore, the notice rule will not apply to bar a plaintiff's claims "where an unnamed party has been provided with adequate notice of the charge."  Id. (quoting Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 125 (7th Cir. 1989).

In the case at bar, Ms. Neal contends that, because Penn National and Argosy, the party she mentioned in the EEOC charge, share the same counsel, Penn National was actually on notice of the charge.  For the "adequate notice" exception to apply, the "circumstances alleged in [the] complaint" must indicate that Penn National was on notice.  Id.  The Complaint does not indicate that Penn National was on notice, whether because of shared counsel with Argosy, or for any other reason.  Furthermore, assuming *arguendo* that Penn National was put on notice by virtue of the shared counsel, that notice was only of charges against Argosy.  Thus, although Penn National may have known

about the charges against Argosy, nothing in the Complaint indicates that Penn National had "notice of any charges against *it*." Schnellbaecher, 887 F.2d at 127. Therefore, Ms. Neal may not bring her Title VII claims against Penn National.

Ms. Neal posits an alternative argument: that "there is ample evidence that Penn National should remain a party to this lawsuit" because it is the parent company of Indiana Gaming and Argosy Casino & Hotel. However, "parent corporations are not liable for the wrongs of their subsidiaries unless they cause the wrongful conduct (and so are directly liable) or" the corporate veil is pierced. Bright v. Hill's Pet Nutrition, Inc., 510 F.3d 766, 771 (7th Cir. 2007). The Seventh Circuit has abandoned the integrated employer standard for Title VII cases. See Papa v. Katy Industries, Inc., 166 F.3d 937 (7th Cir. 1999).

Asserting that Penn National is more than a parent company, Ms. Neal emphasizes an employee handbook given to her at Argosy containing the name "Penn National." This handbook, she contends, establishes Penn National's liability as her employer. However, where "[t]here is no suggestion that the parent . . . formulated or administered the specific personnel policies, or directed, commanded, or undertook the specific personnel actions of which" the plaintiff complains, the parent cannot be held liable. Papa, 166 F.3d at 942; see also Pipkins v. Service Corporation, Int'l, 2008 WL 1869737 at *13 (E.D. Tenn. 2008) (holding that subsidiary's use of the parent company's handbook and other forms was insufficient to establish parent liability). Here, Penn National devised the general employment policies at Argosy, but it did not formulate, administer, or direct the personnel policies or decisions of which Ms. Neal complains,

namely, her alleged discriminatory and retaliatory termination. Thus, the handbook is insufficient to establish that Penn National may be held liable as her employer.[4]

Courts look to the "economic realities" of the employment relationship to determine if an entity is an "employer" for purposes of Title VII liability. Tamayo, 564 F.3d at 1088. In this case, clearly the reality is that Penn National was nothing more than the parent company of Indiana Gaming and Argosy Casino, which actually managed Ms. Neal's employment. Because nothing in the Complaint indicates that Penn National actually caused the alleged discrimination, Ms. Neal's claims cannot be maintained against Penn National. See Bright, 510 F.3d at 510.[5]

### III. Conclusion

Having carefully considered the parties' arguments regarding Ms. Neal's alleged failure to exhaust her administrative remedies, we conclude that Penn National must be dismissed as a defendant. Accordingly, Defendant's Motion to Dismiss is GRANTED. IT IS SO ORDERED.

---

[4] Ms. Neal also points to a proposed resignation agreement between the parties, which included Penn National among the parties that would have been released from liability, had such an agreement in fact been consummated. However, this proposed agreement specifically referred to Indiana Gaming, L.P. as Ms. Neal's "employer," and Penn National was only mentioned as a "released party." This agreement, therefore, supports the proposition that Indiana Gaming, L.P. was her employer, not Penn National.

[5] Penn National advances an alternative argument that, in the event the Court rejects Penn National's first dismissal ground, Count III of the Second Amended Complaint, Ms. Neal's retaliation claim, should nonetheless be dismissed for failure to exhaust administrative remedies. Because we grant Penn National's Motion to Dismiss all of Ms. Neal's claims against it, it is not necessary to address this alternative argument.

Date: 03/26/2009


SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Laurence F. Alter
ALTER & ALVAREZ
altalv@swbell.net

Catalina M. Alvarez
ALTER & ALVAREZ
altalv@swbell.net

Carrie Atkins Barron
FREKING & BETZ
cbarron@frekingandbetz.com

Becky J. Ganis
FREKING & BETZ LLC
bganis@frekingandbetz.com

David C. Nelson
ALTER & ALVAREZ
altalv@swbell.net

George M. Reul Jr.
FREKING & BETZ, LLC
greul@frekingandbetz.com